# IN THE COURT OF APPEALS OF IOWA

No. 18-1197
Filed May 1, 2019

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**MICHAEL L. CROFT, JR.,**
　　　Defendant-Appellant.

_____

　　　Appeal from the Iowa District Court for Dallas County, Terry R. Rickers, Judge.

　　　Michael Croft Jr. appeals from his conviction for theft in the fourth degree. **AFFIRMED.**

　　　Mark C. Smith, State Appellate Defender, (until his withdrawal) and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

　　　Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

　　　Considered by Doyle, P.J., Mullins, J., and Mahan, S.J.*

　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**MAHAN, Senior Judge.**

Michael Croft Jr. appeals from his conviction for theft in the fourth degree, in violation of Iowa Code sections 714.1(1) and 714.2(4) (2018), contending there is insufficient evidence to support the jury's finding on the element of identity.[1] Upon our review, we affirm.

From the evidence presented at trial, the jury could have found the following. On February 7, 2018, two Scheels loss-prevention officers were monitoring the main aisle of Scheels' first floor in West Des Moines. They spotted Croft, whom they recognized from photographs in the store's office as an individual on "be on the lookout" (BOLO) status.[2] The officers had a "clear view" of Croft's face as he walked "directly past" them, and they followed him until he exited the store carrying Scheels merchandise without paying.[3] Upon the officers' subsequent review of surveillance footage, they observed Croft picking up the merchandise before they had encountered him in the store. Both officers testified there was "no question" the individual they observed in Scheels on that date was Croft, and the officers identified Croft in person for the jury at trial. *See State v. Williams*, 315 N.W.2d 45, 58 (Iowa 1982) (noting the credibility of witnesses and weight to be given their testimony is in the sole province of jury).

Although the officers' testimony presents substantial evidence to support a finding of guilt, the jury also heard testimony from a third Scheels loss-prevention

---

[1] Croft raises an alternative claim of ineffective assistance of counsel, which we need not address because counsel unsuccessfully moved for judgment of acquittal on the element of identity.

[2] BOLO is a status given to subjects who were believed to have stolen from Scheels previously.

[3] Pursuant to Scheels' store policy, the officers were not allowed to approach Croft unless there was an open case against him.

officer, who reviewed the surveillance video and recognized Croft from several prior encounters—one in December 2016 during which Croft attempted to exit the store carrying Scheels merchandise without paying, and another in December 2017 when Croft failed in an attempt to return items he had not purchased. The jury also heard from a Target loss-prevention officer, who stopped Croft in the midst of a theft from a West Des Moines Target store in May 2017.

On appeal, Croft acknowledges his identity in Scheels' BOLO photographs from December 2017. But he claims, "The depictions do not prove that the individual shown in the December 2017 photographs is the same individual shown in the February 7, 2018 photographs [taken from the surveillance video]." Croft's primary contention is that his distinctive neck tattoo is not visible in the February 7 photographs. But Croft overlooks the fact that his attire on February 7 (hooded sweatshirt, coat, and vest) concealed his neck. Even so, viewing the evidence in the light most favorable to the State, it appears part of Croft's neck tattoo is visible in Exhibit 3.

"[T]he prosecution does not have 'an affirmative duty to rule out every hypothesis except that of guilt beyond a reasonable doubt.'" *State v. Bentley*, 757 N.W.2d 257, 262 (Iowa 1999) (quoting *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)). Considering the evidence in the record, including reasonable inferences that may be fairly drawn from it, we conclude substantial evidence supports the jury's verdict in this case. *See State v. Albright*, ___ N.W.2d ___, ___, 2019 WL 1302384, at *3 (Iowa 2019) (setting forth standard of review). Accordingly, we affirm.

**AFFIRMED.**